The next matter, number 24-1558, Kenneth Earl Warren v. Leland Dudek. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin. Good morning, your honors. May it please the court, my name is David Chermel and I represent the deceased disability applicant and his family. I request two minutes for rebuttal. Over a period of years, SSA consistently misrepresented to the district court in Maine that the five-day rule applies to exclude post-hearing V.E. rebuttal. That's not true. They did it repeatedly in Patricia H., Kim M., Patrick S., and a case called Phillip W. I have enormous respect for my colleague. They're not all his cases. But this is something SSA did consistently. I eventually got involved with the litigation of these issues and I exposed that this was a falsehood. Because if you look at the Federal Register materials... Putting aside that dispute, which is not going to be enough for you to succeed on your appeal, let's take it, we can assume whatever your position on whether there was a misrepresentation or not is so. How do you win the case? Okay, so then we get to Phillip W. That's the next level of it. Phillip W. has now disappeared and we're down to one defense, the 3.0 defense. And I'll tell you why I win based on that. Their 3.0 defense is HALIX I-2-7-20A. I'll refer to that as the HALIX. The problem SSA has they can't overcome is that's the five-day rule. And they admit the five-day rule can't apply. How do we know it's the five-day rule? This is the transmittal sheet that put that HALIX into effect. So you're saying that it's a sub-regulatory factor of the five-day rule? It's a sub-regulatory reiteration of the five-day rule and here's what the transmittal sheet said. It said this HALIX is being issued to clarify the policies for the consideration of evidence at the hearing level based on the new final rule. And it cites the Federal Register. That new final rule is the five-day rule. Now, what can we also look at? Look at the text. The first sentence of that HALIX says, by the way, we're implementing this rule in the HALIX based on the five-day rule regulation. Third thing you can look at. This HALIX and this transmittal sheet were issued on May 1, 2017. Why does that matter? Because in SSA history, that's a seminal day. That's the day the five-day rule went into effect. Fourth thing. When you look at the old version of this HALIX versus the new version, it was very clearly implementing the five-day rule. So what we started out with, which I meant... Does it follow? So am I right that the way this played out is, I don't know if it was you yourself, but the attorney representing a disability claimant can say to the ALJ, I'd like to put in post-rebuttal evidence, post-VE evidence in rebuttal, and I'd like it in by April 3rd. That would give me two weeks to get it together. And the judge says, great, you have until April 3rd. And then they come back and say, actually, I'd like to have until April 4th. And the judge says, yes, I can have until April 4th. And in fact, having made that representation and had the ALJ agree to it, you could then submit it at any time you wished. Is that your position? That's a matter of agency policy. You may not think that's practical. You may not think that's a good idea. That may feel uncomfortable when we look at normal adversarial formal litigation. Disability is policy-specific. I'm not asking about the general idea of whether you could submit something later. I'm asking when the attorney for the disability claimant has specifically asked for a time, had the ALJ agreed to the time, the other party then is aware of that time, actually we should just treat that as irrelevant that that was asked for and set as a deadline at the request of the disability claimant's lawyer himself? Agency policy does not provide that agency policy changes based on what the claimant's representative says. I mean, usually that triggers waiver. And you're saying that in Social Security cases, waiver is not triggered when someone intentionally relinquishes a right. There's no intentional relinquishment of the right by the claimant. This is an informal process. Issues of forfeiture and waiver are formal adversarial litigation. This is not formal adversarial litigation. This is informal as a matter of law. It is sui generis in our system. 96-90. Are you saying yes to Judge Thompson that there is no waiver possible? I'm saying that there's no waiver, correct. And it should be applied. It can't be applied in a disability context. That's what I'm saying. Just to pin it down, so you're saying that if an attorney makes that kind of representation to the court, it has no legal consequence? Not to harm the claimant. So you can set precatory deadlines. There's a million precatory deadlines in SSAs. Requesting a deadline, having it agreed to. Requesting an extension, having it agreed to. And then without any explanation, going beyond the requested extension. That doesn't change 96-9P. What does 96-9P say? SSR 96-9P says prior to the issuance of a decision. Prior to the issuance of a decision, what? That a claimant may submit VE rebuttal evidence. Does it say that? Yes. I thought it said it gives you a right to review and respond. Which is very broad.  Review and respond are very broad terms. That means you can submit VE rebuttal evidence. No one's challenged that. Just to be clear, if this exchange about can you give me until this date and then let me have one more day, if that had never occurred, you're saying that we would have a pure matter of a statutory interpretation that said up until the date that the decision was issued, the vocational expert addendum could have been presented. That's correct. And you're saying that here, in spite of the fact that there was this exchange, it doesn't matter. Well, then what you'd have, Your Honor, is this case would not get remanded and a companion case, which we have involved and both parties have mentioned in the papers, Braley would be remanded because there's nothing like that in this case. We'll take Braley when we get Braley, but we're talking about this case. Understood. But what I'm telling you is this. There is no provision of agency policy which says agency policy applies until the claimant agrees to something less because it's informal. But you're framing it as if there was not a request for a deadline by the disability claimant's representative, and there was. No, I'm telling you that if a disability claimant has an incompetent representative who does a terrible job, the thing SSA needs to do is sanction that representative, not the homeless disability client. That's my position. I believe this went off, Your Honor, so if there's no further questions, I would say. Your Honor? I'm trying to figure out. I understand the policy behind these hearings, and yes, it's informal, and the judge, in fact, is not supposed to be there in the same capacity as judges are in other circumstances. But I'm still trying to figure out what is it about this kind of proceeding that means that a representative's attorney can't trigger waiver? Because it's informal. That matters. Forfeiture, waiver, issues like this, they come from adversarial formal litigation. This is non-adversarial. It's informal. So informal means anything goes? No, informal doesn't mean anything goes, but it means formal rules of forfeiture can apply. Listen, they had this. It was one day late. They had it for ten months. My client died. There's nothing reasonable about that. Before you get to those specific facts, I just had a question, if I can ask. If at the hearing, at the end of the hearing, the ALJ asks, do you think that you will be responding, would you like an opportunity to respond, and there's no answer, or the ALJ doesn't even ask that question, if the ALJ races to get the decision out and does so in five days or so, does that mean the claimant's then out of luck, or is there some other opportunity to respond? That would be correct. An ALJ can close the record immediately by issuing a decision. Now, in the real world, just to give you some context, I did this for SSA, I've done it on this side, takes minimum. So let me ask you this. If that is true, and yet the legislation sort of acknowledges that there's this opportunity to respond up until at least some time, what is the problem with setting sort of a regularized approach to that? Because otherwise it's just a guessing game. Because then the court's making it up. SSA already has a policy, which is prior to the issuance of a decision. That may seem odd to you. I know it did to me. I guess what I'm just having trouble understanding how the deadline, it is true that the policy is rebuttal evidence cannot be excluded. Where do you get the idea that the policy is that you can't have a docket management rule with respect to that rebuttal evidence coming in? No one is saying because it's rebuttal evidence it's excluded. The only thing that's at issue is what are the rules of the road for its post-admission submission as rebuttal evidence? How is that inconsistent with the 480 rules? This is exquisitely precisely regulated. Exquisitely precisely regulated. The pre-rebuttal is? Every aspect of what evidence an ALJ must consider has been regulated. Are there timing rules concerning post-B? I want to refer you to HALIX I-2-6-58A. There is one exception in SSA's rules that says an ALJ can receive evidence and not consider it. One, it's the five-day rule. Five-day rule doesn't apply. So you might think that it would be practical to have a rule like that. The commissioner can do that unilaterally any day. They've never done it. I guess I'm still a little bit at a loss as to where you're getting the idea that it's core agency policy that no ALJ can have docket management rules. Oh, they can. They can set precatory deadlines. What they can't do What's a precatory deadline? Precatory means you can't exclude. It means you can't punish the claimant. There are a million precatory deadlines in SSA. You have to do this by this date, this by this date, this by this date, this by this date. That doesn't mean Are there cases saying where deadlines have been set by ALJs that they can then be ignored? There's agency policy stating that. What's that policy? Okay, so we went into this in exquisite detail in our brief. I've read the brief. Yeah, very, very specifically, the section about the regulatory history Are you talking about the five-day rule? About the five-day rule? I'm not talking about the five-day rule. I'm just saying, you say all the time people set deadlines, then they're always precatory. No, some deadlines are absolute, like the five-day rule. Okay, but I'm not talking about the five-day rule. In the history of ALJ proceedings, have ALJs ever said get this in by X date and that in by that date? Oh, for substantive evidence, if you're talking about medical evidence, those ability to regulate that type of evidence Where does that come from? The five-day rule. It doesn't exist for VE rebuttal. You're making a narrow argument specifically for the vocational expert testimony. Correct, because SSA, in issuing the five-day rule, exempted out post-hearing VE rebuttal. No one disputes that. Right, but what I'm trying to get at is what is the default background understanding about ALJs setting times for filing? For example, in the last case, we said we're going to issue an order that you should respond about an exhibit that was supposedly put in at trial. We'll tell them in that order, we'd like your responses in within 10 days. Can an ALJ do that? Or when the ALJ says, I'd like your responses to a question that arose at the hearing, I'd like the response within 10 days. Can the lawyer then turn it in 45 days later? So are you talking about a substantive response or evidence because it matters? Substantive response. A substantive response to a vocational matter, as a matter of law. I'm just talking about any, forget vocational, anything. We're just in a hearing. We're in the hearing, issue comes up, some legal issue arises, gee, I hadn't thought about that, I'd like additional briefing on that. Can you make your submissions within 10 days? Are the lawyers free to say, I'll turn it in 35 days later? Absolutely, because it's an informal process. Now, I want to be clear, especially that all of these abilities to, let's say, harm a claimant for noncompliance, that's been strictly regulated by the commissioner. The only time you can step in and harm a client is the five-day rule. That's it. It doesn't matter what we think is a good idea. They can change the rules unilaterally tomorrow when they haven't done it. And I'm just, I guess I'm asking, I didn't see any authority where this comes up and these deadlines outside this context in SSA proceedings are treated as precatory. Are there such cases? We lay out in our brief very, very specific things. It's not case law. We're talking about the policy, agency policy. Agency policy lists a whole bunch of precatory deadlines. And I list them in my brief. Got it. Thank you. Yes. Thank you, Your Honor. Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? May it please the Court, my name is Timothy Boland and I represent the Acting Commissioner of Social Security. The agency's administrative law judges have the ability to set and enforce deadlines for the submission of post-hearing vocational evidence. And what's the authority for that? There are three sets of authority for that. The first is we start from a basic framework that SSR 96-9P allows a response to vocational testimony adduced at the hearing prior to a decision. But that ruling doesn't stretch as far as plaintiff would have it because it's subject to the procedural roadmap for how evidence that isn't responsive to vocational testimony comes in. That's where we move into the HALEX section I2720. The HALEX allows the ALJ to consider a request to submit evidence after the hearing, such as a response to vocational testimony. And when the ALJ considers that request, if it's allowed, to set a deadline for its submission. And if it's not satisfied, if the evidence is not submitted by that deadline, to then issue a decision without considering the evidence. Well, they say that that regulation is a sub-regulation of the five-day rule, which is you concede in your brief is inapplicable. What's wrong with that argument? It's wrong for three reasons, Judge Thompson. The first, most simply, is that the language, the time limit setting language in I2720 predates the nationwide implementation of the five-day rule by decades, at least back to 1994. The second is the transmittal sheet that my friend Mr. Termal read into the record a moment ago. That transmittal sheet makes clear that when the agency amended I2720 in 2017, it was to clarify the effect of the five-day rule on the existing HALEX language. And that makes sense because the five-day rule did change, in some respects, how ALJs consider evidence, including post-hearing evidence. But the third is that the plaintiff's position conflates two distinct things. It conflates the five-day rule or the five-day requirement with the broader regulation that it's a part of, and it conflates post-hearing evidence with post-hearing statements. On the first conflation, the five-day requirement is part of a broader regulation that's contained at 20 CFR 404.935. That regulation is titled Submitting Written Evidence to the ALJ. And it does not differentiate between regular written evidence and post-hearing written evidence. What it does is it sets a baseline. And that baseline is written evidence needs to come to the ALJ five days prior to the hearing. But when the agency implemented the five-day rule in the final rule notice in the Federal Register, it was clear that there needs to be exceptions to that. Because, for example, true rebuttal evidence could never come five days prior to a hearing. And so it had two carve-outs in that Federal Register notice. That's at 8190991. One carve-out was for the submission of rebuttal evidence, the type at issue here. And in the final rule notice, the agency was clear that that type of evidence would fall as an exception to the baseline requirement of the five-day prior to the hearing rule. Those exceptions are enumerated in the regulation. They're at subparagraph B of the regulation, 935B. But doesn't it say that it can be submitted prior to a decision being rendered? It does say prior to a decision, but I have two responses to that. First, the word prior is not synonymous with the word up until or not until a decision is issued. Well, what does it mean? It means that the claimant has a time, an indeterminate time that can be assigned by the ALJ, as long as that time comes prior to the decision being issued. There would be no quarrel here that the claimant had a seven-day period prior to the decision being issued. What's the affirmative authority to set the deadline? I still haven't quite heard it. The affirmative authority comes from HALEX I-2720. It says, when a claimant requests permission to submit post-hearing evidence, the ALJ will set a time limit for the evidence, and if it's not received by that time, will issue a decision without considering the evidence. Okay, and that provision, as presented, if I look at it right now, looks like it's part of the five-day rule, correct? Just the way it's laid out presentation-wise. Is that wrong? It is. Okay, so wrong or correct? It's wrong, I'm sorry. Oh, okay. Well, then how so? And I think this dovetails with Judge Thompson's question. The reason it's wrong is because the five-day rule itself is just a small part of the broader regulation allowing the control of written evidence. What the agency made clear in that final rule notice was that because this type of rebuttal evidence was an exception to the general five-day requirement. So the way you read it is the general rule is everything's got to be in five days before. Then there's a special rule for vocational evidence, which is that's got to be five days before unless there's good cause for it not having to be. And then you're saying, am I following? Is that right so far? Yes, except for not necessarily limited to vocational evidence. For any evidence, it could fall under the 935B exceptions. The agency, when it issued the final rule notice, was clear that rebuttal evidence... But a vocational expert presented will be a classic case that would trigger the exception that's the five-day rule. Most certainly. So basically, am I saying there's really two five-day rules? There's the general thing, which is everything's got to be within five days. And then there's the thing that's in the hallux that's laying out the exceptions for when it doesn't have to be? Well, the exceptions, the 935B exceptions are regulatory. I think the best way to conceptualize it, Judge Barron, is that what the hallux is designed to achieve is the same type of admission certainty that the five-day rule achieves prior to the hearing, which is by allowing the ALJ to set a post-hearing deadline. The ALJ knows and both sides know exactly how long they have so that the plaintiff knows what it takes to get the evidence. And the ALJ can defer deliberative or decision-writing efforts until that period elapses. And so the way you understand it is if we took out the good cause exceptions, the residual part that talks about timing would still have some purpose? I'm not sure I understand by residual. I'm just trying to understand. The way you've got it is there's a good cause exception part. And then underneath that, the way it's presented, right, there's this language about setting deadlines. Am I wrong? I don't think it's necessarily subsidiary to the good cause. What I think the way it works, I think the best way to describe it is that if the evidence satisfies one of the good cause exceptions in 935B, then that automatically puts it into the deadline-setting features of hallux I2720. Because the way the hallux is structured is it tells the ALJ, if you get a request for this post-hearing evidence, consider if it's 935B evidence. If it is, set a deadline for it and carry on from there. The agency recognizes that rebuttal evidence of this type is almost certainly going to satisfy the 935B exceptions, but the rub of that for the plaintiff's position is that just simply puts it in the hallux I2720, allows the ALJ to set that deadline and to not consider evidence offered after the deadline. So this fight that you're having about whether this is within the five-day rule or not, what do you understand yourselves to be fighting about? I'm lost. So there is no dispute that the baseline, this has to come in five days prior to the hearing, doesn't apply. In other words, paragraph A of 404 and 935, we said it has no bearing on the issue. I think that was the language we used in footnote three. And that's absolutely true because the evidence necessarily is not five days prior to the hearing evidence. It's exception evidence. It's the 935B exception. So when you're talking about exceptions, you think that's not really, strictly speaking, the five-day rule anymore? Well, it's not because it's part of the five-day rule. It's just yes, no, right, on that one?  Yes. Okay. And then because it's not, that just kicks you into the deadline setting aspects of it? Correct. So when you say we agree this is not the five-day rule, that's really not much of a concession at all, and you think they're reading way more into that than they should? Agreed. And I think the reason why is, again, it leads me to the second conflation I mentioned a moment ago, which is that there's a difference between post-hearing evidence and post-hearing statements. In the district court below, that question was asked directly, and the plaintiff says, well, they're all one in the same. I think that's Appendix 57, I believe. But they're not one in the same. That Federal Register Notice makes clear that there would be two different avenues to respond to evidence offered at the hearing. One might be a statement like a post-hearing brief or something like that, and one might be evidence. The statement is exempted entirely from the five-day rule in all respects because, again, the title of that regulation is submitting written evidence to the ALJ. So it makes sense that a statement would never be required. Does the deadline setting thing apply only to evidence or also to statement? Well, I think what we're speaking about in terms of I-2720 would apply only to evidence. Okay. And is there any, just so I understand how this all works, would you think an ALJ would have authority to set a deadline for a statement? Yes, but it wouldn't. What would that come from? That would come from the general ability to control the direction of post-hearing development. Where does that come from? That's a separate HALEX provision. That's I-2710. And what does that say? It says that the ALJ directs all post-hearing development. It would also come from the ALJ's ability. And why isn't that then independent of this issue about the deadline setting thing? And wouldn't that be an independent authority to do this here? We think it's all part and parcel of the same broad scheme that allows the ALJ to reasonably control the administration of their docket. But is it an independent authority? Independent authority as a means to admit the evidence? Well, I think it's a broader authority. It's a broader umbrella. In other words, I-2710 applies generally to the ALJ's ability to control post-hearing development. A more narrow subset of that post-hearing development would be I-2720, the HALEX I'd issue here. And I-2720, what does it do? Does it narrow the authority that the ALJ would have for post-hearing development with respect to a certain category of evidence? No, no, not at all. As a matter of fact, all it does is allow the establishment of a timetable to create expectations and to let everybody know. And just so I understand, given the other broader provision, what was the reason for the inclusion of I-2720? Well, because it is the feature that allows time limit setting, which is to say nothing in the 10 section, I-2710, specifically says you can set a time limit. What you're saying implicitly it did if it says you can set post-hearing development. It says you control the flow of post-hearing development. Do you think that doesn't include time setting authority? I think it most certainly does, but I don't think there's any harm in having it. So you would understand it's just clarifying that. It provides greater specificity, precisely, Judge. Okay, thanks. Thank you. Thank you, counsel, at this time. Counsel to the appellant, please reintroduce yourself. You have a two-minute rebuttal. David Trommel, Your Honors, on behalf of the plaintiff appellant. This is absolutely crucial. This must be understood. We are not talking about the ability to set a deadline. You can. The ability to exclude relevant evidence from consideration has been exquisitely, precisely regulated by SSA. They have never conferred this power to their ALJs with respect to post-hearing VE rebuttal evidence. And I must say this again. They still have not responded to this. The transmittal sheet, HALIX I-2-7-20A, is the five-day rule. The transmittal sheet says it's the five-day rule. What do you mean when you say that? I'm not understanding what you mean when you say the five-day rule. Okay, so the five-day rule was a national rule. It was piloted in Boston, something called DSI. Hundreds of millions of dollars went into that. It means you have to submit evidence five days before, right?  Okay. Not post-hearing VE rebuttal. That was specifically exempted out by the commissioner. So now, when we're in the exemption, why is the SSA wrong in saying, and with respect to evidence that falls into the exemption, the provision of the HALIX that talks about setting deadlines kicks in? You have to understand the bigger rule. The bigger rule in SSA policy, as we lay out in excruciating detail in our brief, the general rule for decades was that all evidence an ALJ receives prior to issuing their decision has to be considered. The five-day rule is an exception to the general rule. It's narrow, it's specific, and there is no specific authority other than the five-day rule, which allows an ALJ not to consider evidence. They say the general rule, historical general rule, is that there was the ability of the ALJ to manage the admissibility of evidence, period, and that the five-day rule was the first exception. Let's be absolutely clear. What they're relying on is an unpublished Middle District of PA and Southern District of Ohio case. For the general proposition that ALJs were always able to exclude. Their position is ALJs have always been able to do this. Then why did you put hundreds of millions of dollars into DSI? Why did you put hundreds of millions of dollars into the five-day rule? Why did you wait seven months from the time those rules were issued until they became final, until they became applicable to hearings, to train the entire ALJ staff and everyone else within SSA? Okay, so if there was no general rule that sounds as liberal as they're making it, what was the general rule? The general rule for decades was everything an ALJ gets has to be considered prior to issuing a decision. And the authority of that was what? We cite to it. Just tell us now. The specific provisions are the HALICS provisions. Read the Federal Register on the five-day rule. It goes through all this. And, by the way, when we started discussing this regulatory history below, they offered fake quotations of the HALICS and had to withdraw it. Thank you. Thank you, Your Honors. Thank you, Counsel. That concludes argument in this case.